UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CHARLES RAY "C.R." WILLIAMSON                                    PLAINTIFF

v.                                          CIVIL ACTION NO. 3:06CV201LS

CENTRAL MISSISSIPPI MEDICAL CENTER, ET AL.              DEFENDANTS


MEMORANDUM OPINION AND ORDER

     This cause is before the court on motion of plaintiff Charles
Ray "C.R." Williamson to abstain and remand this case to the
Circuit Court of the First Judicial District of Hinds County,
Mississippi.  Defendants Central Mississippi Medical Center;
Robert Lee, M.D.; Stephen Burner, M.D.; Diomed, Inc.; Robert "Bob"
Conn d/b/a South Central Imaging, Inc.; QLT, Inc.; Laserscope,
Inc.; and Axcan Scandipharm, Inc. have responded in opposition.
Having considered the memoranda of the parties, the court
concludes that plaintiff's motion should be granted.

     On December 10, 2002, Williamson filed suit in state court
seeking damages for injuries he allegedly sustained during a
medical procedure on June 13, 2001.  In his complaint, Williamson
asserts claims of medical negligence and product liability.

     On February 9, 2006, Stribling Equipment, Inc., a judgment
creditor of plaintiff, filed a notice of levy of execution, and
approximately one month later, filed a notice of sale of a chose
in action, which consisted of plaintiff's pending state court
action.  The sale was scheduled for March 29, 2006, but on March
24, 2006, plaintiff filed a voluntary petition for bankruptcy in

the United States Bankruptcy Court for the Southern District of
Mississippi, pursuant to Chapter 7 of the United States Bankruptcy
Code.  Thereafter, on April 11, 2006, defendants removed the case
to this court pursuant to 28 U.S.C. § 1334(b), asserting that
plaintiff's claims in this lawsuit are property of his bankruptcy
estate and that the outcome of this case could conceivably affect
his bankruptcy estate.  In response, plaintiff filed the instant
motion to abstain and remand, arguing that the court should remand
this case pursuant to both discretionary and mandatory abstention.
Defendants responded to the motion, contending that remand is
improper in that (1) plaintiff lacks standing to file a motion to
abstain or remand, (2) mandatory abstention is not appropriate
because plaintiff has failed to establish that this case can be
timely adjudicated in state court and (3) plaintiff has failed to
prove the factors necessary to warrant discretionary abstention.

     Turning first to defendants' standing argument, defendants
contend that because this lawsuit is property of plaintiff's
bankruptcy estate, only the Chapter 7 Trustee, not plaintiff, has
standing to file a motion to abstain or remand.  See Battle v.
Prepaid Legal Servs., Inc., 2006 WL 317180 (S.D. Miss. 2006).  In
response, plaintiff concedes that the Trustee is the real party in
interest but insists that the Trustee has employed plaintiff's
attorney to prosecute Williamson's claim on behalf of the Trustee,
and therefore, the real party in interest concerns raised by
defendants have been appropriately addressed.  The court agrees.

2

With respect to mandatory abstention, under the law, the following conditions must exist for mandatory abstention to apply:

1. A motion has been timely filed requesting abstention.

2. The cause of action is essentially one that is premised on state law.

3. The proceeding is non-core or related to the bankruptcy case.

4. The proceeding could not otherwise have been commenced in federal court absent the existence of the bankruptcy case.

5. The proceeding has already been commenced and can be timely adjudicated in a state court forum.

See 28 U.S. § 1334(c)(2); Blakeley v. United Cable System, 105 F. Supp. 2d 574, 583 (S.D. Miss. 2001).  Defendants argue only that plaintiff's request for mandatory abstention should be denied because he has not established that the action can be timely adjudicated in state court.  However, the court is not inclined to agree; plaintiff's state court action was filed in December 2002, and the court has no reason to believe that upon remand, the cause will not be handled in a timely manner.  It is undisputed that the remaining four factors are present, and accordingly, the court is of the opinion that mandatory abstention is warranted in the instant case.

However, even if that were not the case, the court may still choose to abstain and remand the case based on the principles of

discretionary abstention or equitable remand.  Courts should

consider the following factors when presented with questions of

discretionary abstention or equitable remand:

> (1) the effect or lack thereof on the efficient
> administration of the estate if the Court recommends
> [remand or] abstention;
> (2) extent to which state law issues predominate over bankruptcy iss
> (3) difficult or unsettled nature of applicable law;
> (4) presence of related proceeding commenced in state
> court or other nonbankruptcy proceeding;
> (5) jurisdiction basis, if any, other than § 1334;
> (6) degree of relatedness or remoteness of proceeding to
> main bankruptcy case;
> (7) the substance rather than the form of an asserted
> core proceeding:
> (8) the feasibility of severing state law claims from
> core bankruptcy matters to allow judgments to be entered
> in state court with enforcement left to the bankruptcy
> court;
> (9) the burden of the bankruptcy court's docket;
> (10) the likelihood that the commencement of the
> proceeding in bankruptcy court involves forum shopping
> by one of the parties;
> (11) the existence of a right to a jury trial;
> (12) the presence in the proceeding of nondebtor
> parties;
> (13) comity; and
> (14) the possibility of prejudice to other parties.

Blakeley, 105 F. Supp. 2d at 583 n.9 ; see also Lee v. Miller, 263

B.R. 757, 762 (S.D. Miss. 2001).  Applying these factors, the

court concludes that discretionary abstention is also appropriate

in this case.  First, allowing this case to proceed in state court

should in no way impede the efficient administration of the estate

inasmuch as the state court will be able to resolve plaintiff's

claims.  The state court will also provide plaintiff the

opportunity to exercise the right to a jury trial.  Further, this

case involves only state law issues, and jurisdiction is based

solely on § 1334.  Finally, comity is served, and neither party will be prejudiced by allowing this suit to proceed in the state court where it has been pending for over three years.

For the foregoing reasons, it is ordered that plaintiff's motion to abstain and remand is granted.

SO ORDERED this 20th day of July, 2006.


/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE